**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHERRI JACKSON, o/b/o
R.G.,

Plaintiff,

v. Case No. 8:20-cv-1669-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

Defendant.

---

# OPINION AND ORDER[2]

## I. Status

Sherri Jackson, on behalf of her minor daughter, R.G., is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision finding that the minor is not disabled and therefore ineligible for child's supplemental security income ("SSI"). For purposes of this Opinion and Order,

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 17), filed April 5, 2021; Reference Order (Doc. No. 20), entered April 8, 2021.

the designation "Claimant" refers to the minor child, R.G., and the designation "Plaintiff" refers to her mother, Ms. Jackson.

Plaintiff alleges Claimant has a "learning disability." Transcript of Administrative Proceedings (Doc. No. 18; "Tr." or "administrative transcript"), filed April 5, 2021, at 83, 97 (capitalization omitted). Plaintiff filed an application for SSI on behalf of Claimant on June 12, 2018, alleging an onset disability date of October 17, 2005. Tr. at 178-87.[3] The application was denied initially, Tr. at 82-89, 90, 109-11, and upon reconsideration, Tr. at 96-105, 106, 115-21. On August 6, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from Claimant and Plaintiff, who were represented by counsel. See Tr. at 32-59. At the time of the hearing, Claimant was sixteen years old and about to move into the eleventh grade. Tr. at 36. The ALJ issued a Decision on October 22, 2019, finding Claimant "has not been disabled . . . since May 21, 2018, the date the application was filed." Tr. at 27, 15-27.

Plaintiff, on behalf of Claimant, requested review of the Decision by the Appeals Council. Tr. at 4-5, 174-77. On May 21, 2020, the Appeals Council

[3] Although actually filed on June 12, 2018, Tr. at 178, the protective filing date of the application is listed elsewhere in the administrative transcript as May 21, 2018, Tr. at 83, 97.

denied the request for review, Tr. at 1-3,[4] making the ALJ's Decision the final decision of the Commissioner. On July 21, 2020, Plaintiff commenced this action on behalf of Claimant under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff makes one argument on appeal: that the ALJ erred "in failing to find that [C]laimant had marked limitations in attending and completing tasks." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 21; "Pl.'s Mem."), filed June 3, 2021, at 2, 8-9. On July 22, 2021, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned finds the Commissioner's final decision is due to be affirmed.

## II. The Disability Evaluation Process for Children

An individual "under the age of 18 [is] consider[ed] . . . disabled if [the individual] ha[s] a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R.

[4] The administrative transcript also contains an Appeals Council denial of review dated August 31, 2018, that evidently pertained to an earlier-filed application. Tr. at 91-93.

§ 416.906; see 42 U.S.C. § 1382c(a)(3)(C)(i). When determining whether an individual under the age of eighteen is disabled, an ALJ must follow the three-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether (1) the claimant is engaging in substantial gainful activity; (2) the claimant has a severe impairment or combination of impairments; and (3) the impairment(s) meet, medically equal, or functionally equal any of the impairments set forth in the Listings. 20 C.F.R. § 416.924; see also Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1278-79 (11th Cir. 2004) (explaining the three-step sequential evaluation process for children); Banks ex rel. Hunter v. Comm'r of Soc. Sec. Admin., 686 F. App'x 706, 712 (11th Cir. 2017) (unpublished); T.R.C. v. Comm'r, Soc. Sec. Admin., 553 F. App'x 914, 918 (11th Cir. 2014) (unpublished); Turberville v. Astrue, 316 F. App'x 891, 892 (11th Cir. 2009) (unpublished).

With respect to the analysis conducted at step three, an ALJ considers the combined effect of all medically determined impairments, even those that are not severe. 20 C.F.R. §§ 416.923, 416.924a(b)(4), 416.926a(a) and (c). The ALJ then looks to "objective criteria set forth in [the Regulations]" to determine whether the impairment(s) cause severe and marked limitations. Shinn, 391 F.3d at 1278. The Regulations contain the Listings "specifying almost every sort of [impairment] from which a person can suffer, sorted into general categories."

Id. (citing 20 C.F.R. § 416.925(a)). Each listed impairment contains a discussion of the different limitations on the child's abilities that the impairment may impose. Id. (citing 20 C.F.R. § 416.925(a)).

Limitations appearing in the Listings "are considered 'marked and severe.'" Id. (citing 20 C.F.R. § 416.925(a)). Limitations resulting from a child's impairment(s) meet "the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment." Id. Limitations resulting from a child's impairments medically equal "the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'" Id. (quoting 20 C.F.R. § 416.926(a)(2)).

Even if the child's limitations do not medically equal the Listings, "the ALJ can still conclude that those limitations are 'functionally equivalent' to those in the Listings." Id. To make that determination, "the ALJ assesses the degree to which the child's limitations interfere with the child's normal life activities," using "six major domains of life[.]" Id. Those domains are:

> (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for [one]self; and, (vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1); see also T.R.C., 553 F. App'x at 918 (citation omitted). "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that

impairment the child has 'marked limitations in two of the domains [above], or an extreme limitation in one domain.'" Shinn, 391 F.3d at 1279 (alteration in original) (quoting 20 C.F.R. § 416.926a(d) and citing 20 C.F.R. § 416.925(a)).

## III. The ALJ's Decision

The ALJ followed the required three-step sequential evaluation process for children. Tr. at 16-27. At step one, after recognizing Claimant "was an adolescent on May 21, 2018, the date the application was filed, and is currently an adolescent," the ALJ determined that Claimant had "not engaged in substantial gainful activity since . . . the application date." Tr. at 18 (emphasis and citation omitted). Next, at step two, the ALJ found Claimant suffers from "the following severe impairment: mild intellectual disability." Tr. at 18 (emphasis and citation omitted).

At step three, the ALJ found that "[C]laimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted). The ALJ then determined that "[C]laimant does not have an impairment or combination of impairments that functionally equals the severity of the listings." Tr. at 19 (emphasis and citation omitted). In terms of the six major domains of life, the ALJ ascertained the following: "[C]laimant has a marked limitation in acquiring and using information," Tr. at 23 (emphasis omitted); "[C]laimant has

less than marked limitation in attending and completing tasks," Tr. at 24 (emphasis omitted); "[C]laimant has no limitation in interacting and relating with others," Tr. at 25 (emphasis omitted); "[C]laimant has no limitation in moving about and manipulating objects," Tr. at 25 (emphasis omitted); "[C]laimant has less than marked limitation in the ability to care for herself," Tr. at 26 (emphasis omitted); and "[C]laimant has less than marked limitation in health and physical wellbeing," Tr. at 27 (emphasis omitted). Accordingly, the ALJ found that "[C]laimant does not have an impairment or combination of impairments that result in either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning." Tr. at 27.

The ALJ concluded that "[C]laimant has not been disabled . . . since May 21, 2018, the date the application was filed." Tr. at 27 (emphasis and citation omitted).

## IV. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)

(quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam); see also Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1323 (11th Cir. 2020).

## V. Discussion

As noted, Plaintiff challenges the ALJ's finding that Claimant has less than marked limitation in the domain of attending and completing tasks. Pl.'s Mem. at 2, 8-9. Specifically, Plaintiff criticizes the ALJ's reliance on a "checkbox" style teacher evaluation form and a report of Thomas G. Trimmer,

Ph.D. Id. at 8-9. Plaintiff argues Dr. Trimmer's report "conflicted with objective tests performed by [Fred L.] Alberts[, Jr., Ph.D.] in January, 2015, [in] which [C]laimant's working memory subtest was rated 62, [or] extremely low." Id. at 9. According to Plaintiff, "[w]orking memory is directly related to the ability to attend to and complete tasks" so the testing and report of Dr. Alberts "should have been strongly considered." Id. Responding, Defendant argues that "[s]ubstantial evidence, including the reports of Plaintiff's teachers and the consultative examiner, supports the ALJ's finding that Plaintiff had less than marked limitations in attending and completing tasks." Def.'s Mem. at 5 (citation omitted).

The domain of attending and completing tasks considers how well a child can "focus and maintain [his or her] attention, and how well [he or she] begin[s], carr[ies] through, and finish[es his or her] activities, including the pace at which [he or she] perform[s] activities and the ease with which [he or she] change[s] them." 20 C.F.R. § 416.926a(h). Adolescents should be able, among other things, to: "pay attention to increasingly longer presentations and discussions"; "maintain [their] concentration while reading textbooks"; and "independently plan and complete long-range academic projects." 20 C.F.R. § 416.926a(h)(2)(v). Examples of limited functioning in this domain include but are not limited to: being "easily startled, distracted, or overreactive to sounds, sights, movements, or touch"; being "slow to focus on, or fail[ing] to complete activities of interest";

"repeatedly becom[ing] sidetracked from . . . activities or . . . frequently interrupt[ing] others"; being "easily frustrated and giv[ing] up on tasks, including ones [the child is] capable of completing"; and "requir[ing] extra supervision to keep [the child] engaged in an activity." 20 C.F.R. § 416.926a(h)(3)(i)-(v).

As relevant here, the ALJ, in supporting his finding of "less than marked limitation" in the domain of attending and completing tasks, remarked:

> The academic records indicated that [C]laimant completed the majority of work and was afforded minimal accommodation.
>
> [C]laimant's teacher stated that [C]laimant did not have marked limitations in this domain.
>
> Finally, Dr. Trimmer opined that [C]laimant had less than marked limitations in this domain.

Tr. at 24 (citations omitted).

The ALJ's findings regarding the domain of attending and completing tasks are supported by substantial evidence. See Tr. at 194-213 (academic records), 264 (teacher opinion regarding Claimant's functioning in the relevant domain), 348-51 (Dr. Trimmer's report). To the extent Plaintiff criticizes the ALJ's election not to rely on the testing scores and report of Dr. Alberts in assessing this domain, the ALJ's Decision makes clear that he adequately considered the report and scores. See Tr. at 20 (ALJ discussing same). Moreover, while the testing scores and report of Dr. Alberts shed light on

Claimant's intellectual abilities and academic performance, see Tr. at 338-41, they do not translate neatly into findings about the domains of functioning. Conversely, the ALJ found Dr. Trimmer's report and opinion "to be very persuasive because it was consistent and supported by the record"; the "limitations are consistent with [C]laimant's current performance"; and Dr. Trimmer "consider[ed] the IQ testing performed on [C]laimant by prior [consultative examiners (which includes that of Dr. Alberts)]." Tr. at 22; see Tr. at 348-51. These unchallenged findings are also supported by substantial evidence.

## VI. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 4, 2022.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record